SCHOOL DISTRICT NUMBER 25, OF HALL COUNTY, PLAINTIFF IN ERROR, v. FERDINAND P. COWEE, DEFENDANT IN ERROR.

1. **School District:** APPOINTMENT OF TEACHER: UNEXPIRED TERM. L. was appointed director of a school district, to hold during the unexpired term of S. *Held*, that the appointment, if legally made, entitled him to hold the office during the whole of the unexpired term.

2. ———: ———. Where the director of a school district was appointed to fill a vacancy in November, 1875, and accepted the office, and thereafter performed all the duties pertaining to the same until April, 1877, *held*, in an action on a contract with a qualified teacher, signed by him as director in October, 1876, that the court will not enquire into the strict legality of his appointment. He being a *de facto* officer, the district is bound by his acts.

ERROR to the district court of Hall county. Tried below before POST J. There is a sufficient statement of the facts contained in the opinion.

*Thummel & Platte,* for plaintiff in error.

The contract sued on is not the contract of the district. It should be in writing and have consent of moderator or treasurer indorsed thereon. Laws 1875, p. 117, sec. 6. It is simply the contract of one Leavitt, and he alone is responsible. It does not bind the district. *People, ex rel. Hunter, v. Peters,* 4 Neb., 254. Under the evidence, we contend that Leavitt never had any right or color of authority to act or enter into contract with the defendant so as to make the district liable, or bind the same. He was not even an officer *de facto.*

*Abbott & Caldwell,* for defendant in error.

In this case we have a contract made on behalf of a corporation, for the accomplishment of the only object for which that corporation was created, made by officers competent to bind the corporation by such a contract, recorded by those officers as a part of the proceedings of the corporation, the duties to be performed within the building owned by the corporation, and built for the sole benefit of that corporation, a contract honestly made by the defendant in error, and faithfully performed by him so far as laid in his power —and it is respectfully submitted that it is the contract of the corporation, and that the judgment of the court below so holding should be affirmed.

MAXWELL, CH. J.

On the 30th day of December, 1876, the defendant in error recovered a judgment against the plaintiff in the county court of Hall county for the sum of $35.00 and costs, which on appeal to the district court was

affirmed. The plaintiff brings the cause into this court by petition in error.

The right of the defendant in error to recover depends upon the validity of a certain contract dated October 5, 1876, purporting to have been made on behalf of the plaintiff with the defendant, a qualified teacher, to teach the school of said district for the period of four months, commencing on the 20th day of November of that year. Said contract being signed by L. G. Leavitt, director, and approved by James A. Jones, treasurer of said district.

It is claimed that Mr. Leavitt was not director of the district. It appears from the bill of exceptions that in November, 1875, one D. C. Smith was director of this district, and being about to remove therefrom, enquired of Leavitt if he would accept the office of director. Leavitt gave his assent, and was then informed by Smith that he had been appointed. Smith at that time, or soon thereafter, delivered to him the director's record, which contains this entry: "L. G. Leavitt, director, appointed November 16th, 1875; office expires April 1878;" and also his acceptance of the office as follows: "I hereby accept the foregoing office. L. G. Leavitt."

It does not clearly appear from the record by whom the appointment was made, whether by Smith or the moderator and treasurer. Although the moderator testifies that Smith spoke to him about the appointment, and he "told him he didn't know as he had any objections to Mr. Leavitt," Smith had no authority to make the appointment; but if under such an appointment the district permitted Leavitt to act without objection, it will be bound by his acts within the scope of his authority.

The defendant introduced in evidence "the record of the proceedings of the annual meeting of school

district No. 25 for the year 1876, signed L. G. Leavitt, director; also on p. 97 the certificates of the school-tax levied for the year 1876, signed L. G. Leavitt, director; also on pages 110, 111, 112, contracts with teachers, signed L. G. Leavitt, director." And Leavitt testifies that he acted as director of the district from the time of his appointment until April, 1877, and that he took the census of the district twice, certified the amount of taxes to be levied in 1876, made contracts with teachers, drew orders on the treasury, and none of his testimony is denied. In April, 1876, a director was elected, but does not appear to have accepted the office, or discharged any of its duties. A special meeting of the district seems to have been called some time in October or November, 1876, for the purpose of electing a director. The exact date of this meeting does not appear, but it appears to have been after this contract was entered into. If Leavitt's appointment was legally made, which we cannot determine from this record, he would hold during the unexpired term of Mr. Smith, and the attempted election would be a nullity. But whether Leavitt's appointment was strictly legal or not he was acting for the district as director under color of office by that appointment; and as to the public and third parties, he was a *de facto* officer. If the district was dissatisfied with him, proceedings should have been instituted to oust him from the position. It follows that the contract is that of the district, and the judgment must be affirmed.

JUDGMENT AFFIRMED.